IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALBERT DENNIS, JR.,

    Plaintiff,
v.                                    CASE NO. 1:14-cv-213-MP-GRJ

M. KEEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Melissa Keen's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 17. Plaintiff has responded to the motion, ECF No. 18, and therefore the motion is ripe for review. After careful consideration of the motion and the response, the Court concludes that the motion to dismiss is due to be **GRANTED**.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 11. The Amended Complaint stems from an incident that occurred while Plaintiff was confined at Mayo CI. Specifically, Plaintiff alleges that on April 23, 2014, he presented a motion to the prison law librarian, Defendant Keen, to be copied. According to the sworn allegations in the Amended Complaint, the motion was destined to be filed with the Florida Supreme

Court as a motion to dismiss a pending habeas corpus proceeding "without prejudice" so that he could resubmit a subsequent habeas case to the Florida Supreme Court. ECF No. 11 at 6-7. However, the handwritten motion included markings that the librarian determined violated prison regulations. These markings are described by Plaintiff as a "trademark and the zip code being in brackets." *Id*. at 6. The librarian confiscated the motion and Plaintiff subsequently was convicted of the disciplinary violation of fraud or attempted fraud because the markings on the document were deemed consistent with those found on fraudulent UCC filings. *See* ECF No. 1 (disciplinary records appended to Plaintiff's original complaint). Plaintiff alleges that the confiscation of the motion caused him to miss a Florida Supreme Court filing deadline, and that he thereafter was barred by the court from filing other motions or requests for relief. ECF No. 11 at 7. Plaintiff alleges that Keen's actions deprived him of his constitutional right of access to court. *Id*. at 10.[1]

---

[1]The Amended Complaint also asserts claims stemming from Plaintiff's conditions of confinement at Suwannee CI. The Court determined that those claims are due to be dismissed without prejudice because they are not sufficiently related to Plaintiff's claims arising at Mayo CI, and are not properly brought in this District because Suwannee CI is located in the Middle District of Florida, Jacksonville Division. *See* ECF No. 12 n. 1. Further, Plaintiff names the Mayo CI Warden and the Secretary of the DOC as Defendants in this case, but the allegations clearly are insufficient to state a claim against such Defendants. Accordingly, service of process was ordered only as to Defendant Keen. ECF No. 12.

## II.  DEFENDANT'S MOTION TO DISMISS

Defendant contends that this case should be dismissed because Plaintiff's allegations do not demonstrate an actual injury attributable to Keen's actions in confiscating Plaintiff's motion.  Defendant argues that Plaintiff has failed to establish that Keen's actions frustrated or impeded a nonfrivolous legal claim.  As support for the motion, Defendant submits docket materials from Plaintiff's only habeas corpus case filed in the Florida Supreme Court, Case No. SC14-488.  Those materials reflect that the week prior to the confiscation of Plaintiff's motion by Keen the Florida Supreme Court had ruled that a "Notice of Voluntary Dismissal Without Prejudice" filed by Plaintiff was not authorized because the Court lacked the authority to dismiss a notice or petition without prejudice.  ECF No. 17-2, 17-4.  The court ordered that Plaintiff could only file a notice of dismissal *with* prejudice on or before May 1, 2014.  *Id*.  The order further provided that "[i]f no response or proper notice is filed within the time stated, the above case will be voluntarily dismissed with prejudice."  *Id*.  On May 9, 2014, the court dismissed Plaintiff's case because the requested relief was not authorized.  ECF No. 17-3.  In doing so, the Florida Supreme Court cited *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004), which held that in

Florida "with limited exceptions, rule 3.850 is the mechanism through which [persons convicted of noncapital crimes] must file collateral postconviction challenges to their convictions and sentences." *See id.* Defendant contends that the procedural history of Plaintiff's habeas case demonstrates no frustration or impediment of his right of access to court. ECF No. 17.

### III.  STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).[2]

In *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009), the Supreme Court articulated

---

[2] Further, the Court ordinarily must limit its consideration to the complaint and written instruments attached as exhibits. *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir. 2015). However, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the Plaintiff's claim, and (2) its authenticity is not challenged." *Osherhoff*, 776 F.3d 805, 811. The records of Plaintiff's underlying Florida Supreme Court case are plainly central to his claims, and Plaintiff does not challenge the authenticity of the records. Even if Plaintiff had objected "[c]ourts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *Id*. n. 4.

a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell,* 550 U.S. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief

above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Iqbal*, 556 U.S. at 680-84 (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

In the context of a denial of access to court claim, the Eleventh Circuit has explained that:

> The Fourteenth Amendment gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

> A constitutional prerequisite to a claim of denial of access

> to the courts is that the complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr*., 304 Fed.Appx. 848, 849-50 (11th Cir.2008) (unpublished), *cert. denied* 129 S.Ct. 2440 (2009).

## III.  DISCUSSION

Accepting Plaintiff's factual allegations as true, such allegations do not establish the requisite "actual injury" that is necessary to sustain an access-to-court claim.  The records of Plaintiff's underlying Florida Supreme Court habeas case (the authenticity of which Plaintiff does not dispute) establish that Plaintiff already had filed a notice voluntarily dismissing the case the week *before* Keen confiscated the motion at issue in this case.  The Florida Supreme Court rejected Plaintiff's attempt to dismiss the case without prejudice and afforded him an opportunity to file a notice dismissing it *with* prejudice.  ECF No. 17-4.  Plaintiff's allegations in the Amended Complaint reflect that the motion confiscated by Keen sought to dismiss his habeas case "without prejudice" so that he could resubmit a habeas corpus case to the Florida Supreme Court, but that option was foreclosed by the court's order.  ECF No. 11 at 7.

Moreover, the court ultimately dismissed Plaintiff's case because it sought unauthorized relief in that Plaintiff's claims should have been filed pursuant to Fla. R. Crim. P. 3.850.  Plaintiff has alleged no facts in this case showing that the motion confiscated by Keen could have had any bearing at all on the Florida Supreme Court's ultimate determination that Plaintiff's habeas petition sought unauthorized relief.  *See* ECF No. 11.

Plaintiff makes no cogent argument in opposition to Defendant's motion to dismiss regarding these salient facts.  *See* ECF No. 18.  Plaintiff alleges that he was denied access to legal materials while he was in disciplinary confinement, and conclusionally alleges that such denial in some way affected a motion in the Second Judicial Circuit challenging his disciplinary conviction, but such conclusional assertions fall far short of asserting a cognizable access-to-court claim and are unrelated to his claim against Keen in this case that stems from his Florida Supreme Court motion.  *Id*.

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss for failure to state a claim, ECF No. 17, should be **GRANTED** and Plaintiff's claims stemming from the incident at Mayo CI

should be dismissed in their entirety with prejudice.  To the extent that Plaintiff asserts claims stemming from incidents at Suwannee CI in the Amended Complaint, ECF No. 11, such claims should be dismissed without prejudice.

**IN CHAMBERS**, at Gainesville, Florida, this 11th day of January 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.